JUSTICE REGNIER
dissenting.
¶14 Boilerplate arbitration provisions present unique dilemmas, in part, based on the potentially oppressive outcomes. As such, I believe application of these provisions should be closely scrutinized and reviewed, generally, with disfavor. See KLoss v. Edward D. Jones & Co., 2002 MT 129, ¶ 50, 310 Mont. 123, ¶ 50, 54 P.3d 1, ¶ 50 (‘Where parties are not of equivalent sophistication and bargaining power and where the agreement and the arbitration clause have not been negotiated for at arm’s-length, then it is appropriate-indeed, imperative — that courts closely scrutinize any process and any contract which results in one party forfeiting basic constitutional guarantees to the advantage of the other party.”).
¶15 I understand that our case law imposes a heavy burden upon the party who attempts to establish waiver of an arbitration provision. However, I think Stewart carried that burden. In my estimation, an individual who files a construction lien has attempted to avail him or herself of the legal process. This, in my view, is inconsistent with the right to arbitrate the dispute. Further, the purported lien has a dramatic prejudicial effect on the owner of the property. As in this case, construction liens presumably act as an impediment to additional financing. For these reasons, I respectfully dissent. I would hold that, through its actions, Covill and Basham impliedly waived its right to compel arbitration.